### H. G. DOBSON vs. JEFF. KELLY ET AL.

In this case, Judges Mayo and Farmer first decided that the price of horses sold to a farmer was not a privilege on the crop; that the stock were used, not for one but for many crops, and that it is only such things as are consumed or enter into the crop that are secured by a privilege and embraced in the term " necessary supplies." 16 An. 306. A rehearing was granted, and at a subsequent term, Judge Mayo and Judge E. C. Montgomery, the latter sitting in place of Judge Gunby, recused, held: That the price of mules is secured by privilege on the crop, under authority of Farror vs. Rowley, 3 An. 276.

---

### EMMA IVY AND HUSBAND vs. J. H. McINTOSH.

MAYO, J. A bond given in a judicial proceeding, without warrant of law or in violation of the provisions thereof, is a mere nullity which binds none of the parties thereto, unless there are peculiar circumstances or relations between the parties that make the bond a conventional obligation. 29 An. 296, 500.

2. A consent twelve months' bond cannot be enforced by suit on it as a conventional obligation; such a bond is an absolute nullity, binding no one. It cannot be enforced in conformity to its provisions, and on payment thereof, the surety would not be subrogated to plaintiff's rights against the principal, a motive without which the bond would not have been given. 6 L. 5, 11; 25 An. 295; C. C. 2824.